UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN J. DONACHIE,
            Plaintiff,

    - against -                               **MEMORANDUM AND ORDER**
                                                                 04-CV-2857 (RRM)(ARL)

LIBERTY LIFE ASSURANCE CO. OF
BOSTON, et al,
            Defendants.
------------------------------------------------------------X

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff, formerly employed as a financial executive with FleetBoston Corporation, commenced this action asserting four counts: (1) a claim pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to recover benefits due under a long-term disability plan (the "LTD plan") insured and administered by defendant Liberty Life Assurance Company of Boston ("Liberty")[1]; (2) a claim for bad faith in denying benefits to plaintiff; (3) a claim for breach of contract under the LTD plan; and (4) a claim that Liberty failed to follow procedures required under the plan for facilitating an appeal after plaintiff was denied benefits.

      On November 19, 2007, Liberty moved for summary judgment on all claims. (*See* Br. Supp. Mot. Summ. J. ("MSJ") (Doc. No. 32-17).) On November 12, 2008, this Court referred the fully briefed motion to the assigned Magistrate Judge, the Honorable Arlene R. Lindsay, for a Report and Recommendation (the "R&R") in accordance with 28 U.S.C. § 636(b). On March 10, 2009, Judge Lindsay issued the R&R, concluding that Liberty's rejection of plaintiff's LTD claim was arbitrary and capricious, and recommending that this Court deny summary judgment

---

[1] Plaintiff also brings claims against Liberty Mutual Insurance Company and Liberty Mutual Holding Company, Inc. ERISA claims can only be brought against the plan itself and administrators and trustees of that plan. *See Chapman v. Choicecare Long Island Term Disability Plan*, 288 F.3d 506, 509–10 (2d Cir. 2002). Plaintiff's claims against the above two entities will therefore be dismissed.

1

to Liberty and *sua sponte* award summary judgment to plaintiff as to his first claim. (Doc. No. 35.) Judge Lindsay further recommended that plaintiff's second and third claims be dismissed as preempted by ERISA, and that plaintiff's fourth claim be dismissed as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), objections to the R&R were to be filed with the Clerk of the Court within fourteen days of service of the R&R. On March 24, 2009, Liberty submitted its objections. (Doc. No. 36-2.) On April 23, 2009, plaintiff filed an opposition to Liberty's objections. (Doc. No. 39-3.) In his filing, plaintiff requested for the first time that the court grant plaintiff not only the 24 months of "own occupation" benefits requested in his original complaint, but also "any occupation" benefits through the entry of judgment.[2] (*Id.* at 28–29.)

When reviewing a magistrate's Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings. *Id.*; *see United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Objections must be specific and clearly aimed at particular findings in the magistrate's proposal. *See Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992). When a party makes conclusory or general objections, or simply reiterates the original arguments, the Court will review the report only for clear error. *See, e.g., Frankel v. City of New York*, No. 06 Civ. 5450, 2009 U.S. Dist. LEXIS 14864, at *4 (S.D.N.Y. Feb. 25, 2009); *Pearson-Fraser v. Bell Atl.*, No. 01 Civ. 2343, 2003 U.S. Dist. LEXIS 89, at *4 (S.D.N.Y. Jan. 6, 2003); *Camardo*, 806 F. Supp.

---

[2] Under the plan, "own occupation" benefits are given for up to 24 months based upon the covered party's inability to perform the material duties of his own job as an active employee. (*See* MSJ Ex. 8 (Doc No. 32-10) at 9.) "Any occupation" benefits are given based upon an inability to perform, with reasonable continuity, the material duties of not only the covered party's own occupation, but also any other occupation for which the party "is or becomes reasonably fitted by training, education, experience, age and physical and mental capacity." (*Id.*)

2

at 382. Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review . . . ." *Vega v. Artuz*, No. 97 Civ. 3775, 2002 U.S. Dist. LEXIS 18270, at *3 (S.D.N.Y. Sept. 30, 2002).

Liberty objects to the weight Judge Lindsay gave certain factors in finding that Liberty acted arbitrarily and capriciously. Specifically, Liberty challenges Judge Lindsay's suggestion that a potential conflict of interest affected the denial of benefits. Further, Liberty alleges that it was not obligated to give any particular credence to the recommendations of plaintiff's treating physician, and that it was reasonable to instead rely on its consultative physician's file review despite contradictory evidence in the record. Based on these contentions, Liberty argues that Judge Lindsay improperly shifted the burden of proof in the case to Liberty by recommending that summary judgment be granted to plaintiff.

Having reviewed the objected-to portions of the R&R *de novo*, the Court affirms that Liberty's denial of plaintiff's "own occupation" LTD benefits was arbitrary and capricious, and that plaintiff is entitled to summary judgment.

Liberty argues that Judge Lindsay inappropriately considered the appearance of a conflict of interest without any evidence that a conflict "actually affected the administrator's decision." *See Durakovic. v. Bldg. Serv. BJ Pension Fund*, 609 F.3d 133, 140 (2d Cir. 2010). But even if this Court were to find no demonstrable conflict of interest in this matter, Liberty still lacked a reasonable basis for its denial of plaintiff's LTD benefits. Liberty failed to order anything more than a consultative review of plaintiff's records, despite the advice of Dr. Stephen Gulotta, plaintiff's treating cardiologist, and of Dr. George Brief, the independent medical examiner. Dr. Brief's examination of plaintiff, ordered by Liberty, found that plaintiff's aortic replacement

surgery had been successful, but recommended that plaintiff be evaluated by an "expert in the field of psychology" because of the apparent psychological distress arising from the sounds produced by plaintiff's replacement valve. (MSJ at 6–7.) Liberty forwarded Dr. Brief's report to Dr. Gulotta, who advised Liberty that Dr. Brief's cardiology evaluation "miss[ed] the entire point," as the surgery, even if successful in treating plaintiff's heart condition, had left plaintiff "psychologically crippled." (*Id.* at 7.) Gulotta likewise recommended that plaintiff "be evaluated by one of [Liberty's] psychiatrists or psychologists." (*Id.*) Nevertheless, Liberty ignored the recommendations of both Brief and Gulotta, and never ordered an in-person psychiatric evaluation of plaintiff. (*Id.* at 8–9.) Instead, Liberty instructed an in-house psychiatrist to merely review plaintiff's file, and then Liberty denied plaintiff benefits. (*Id.*)

While there is no "treating physician rule" in the context of ERISA claims, *see Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003), a defendant cannot "cherry-pick the evidence it prefers while ignoring significant evidence to the contrary." *Winkler v. Metrop. Life Ins. Co.*, 170 Fed. App'x 167, 168 (2d Cir. 2006). Exclusive reliance on second-hand opinion suggests that a claim administrator's decision is less than fair, particularly in the context of assessing psychiatric disabilities. *Id*. (citing *Sheehan v. Metrop. Life Ins. Co.*, 368 F. Supp. 2d 228, 255 (S.D.N.Y. 2005)). Although it is not *per se* error for a claims administrator to rely on second-hand opinions of psychiatrists in rejecting a claim for benefits, "the practice seriously undermines a reviewing court's confidence in such opinions where they appear to be . . . unsupported and arbitrary rejections of the opinions of treating physicians as well as objective indications of disability." *Zoller v. INA Life Ins. Co.*, No. 06 Civ. 112, 2008 U.S. Dist. LEXIS 67475, at *42 (S.D.N.Y. Aug. 25, 2008).

Plaintiff's treating psychiatrist, Dr. Ronald Gordon, found that plaintiff was suffering from major depressive disorder and an obsessive personality. (*See* R&R at 4.) Plaintiff's cardiologist and the independent medical examiner both recommended that further psychological evaluation was warranted before denying plaintiff's claim. Nevertheless, Liberty never met with Gordon or even attempted to contact him outside of leaving a single isolated voicemail message, or otherwise inquired into plaintiff's level of psychological disability. (*See* MSJ at 9.) Although Gordon's evaluation of plaintiff necessarily involved the assessment of subjective symptoms, *see Zoller*, 2008 U.S. Dist. LEXIS 67475, at *41, Gordon's treatment notes informed Liberty of a number of objective indications of disability, including loss of sleep, loss of weight, fatigue, loss of memory, and the need for a regimen of psychiatric medication, (*see* R&R at 4; McGee Decl. Ex. A (Doc No. 32-14) ("Brown Memo") at 37.) Therefore, even if it was reasonable to deny plaintiff's treating physician controlling weight, Liberty has not shown why it was otherwise reasonable to rely exclusively on its own consultative source without an evaluation of plaintiff, effectively ignoring Gordon's observations, the observations from plaintiff's employer of his work performance, and the clear statements from plaintiff regarding his inability to perform his job. Even without favoring the evaluation of plaintiff's treating physicians, the Court agrees with Judge Lindsay's finding that Liberty's determination was still "arbitrary and capricious," at least because the determination was both "without reason" and "unsupported by substantial evidence." *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995).

Liberty also contests Judge Lindsay's recommendation to grant summary judgment to plaintiff on his first count. A *sua sponte* grant of summary judgment against a moving party may be appropriate where the facts in the case are so developed that the moving party suffers no prejudice by such grant. *See Bridgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir. 2000); *see*

*also Ramsey v. Coughlin*, 94 F.3d 71, 74 (2d Cir. 1996) (stating that a *sua sponte* grant of summary judgment is acceptable where the record reflects the losing party's inability to enhance the evidence supporting its position); *see, e.g., Camardo*, 806 F. Supp. at 382 (adopting magistrate judge's recommendation to deny defendant's motion for summary judgment and instead award summary judgment to plaintiff). Contrary to Liberty's assertions, the magistrate judge did not "reverse the burden of proof" when she recommended granting summary judgment to plaintiff. Rather, the magistrate judge found—and this Court affirms—that Liberty's own undisputed facts and arguments support the conclusion not only that its decision was arbitrary and capricious, but also that plaintiff was entitled to benefits under the plan. (*See* R&R at 9, 12–13.) Since Judge Lindsay's analysis was based on the very facts and issues raised by Liberty in its motion, the recommendation of summary judgment was appropriate. *See Bridgeway,* 201 F.3d at 140 (citing *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991)).

Plaintiff seeks pre-judgment interest and attorney fees. A district court has discretion to grant these awards in an ERISA case. *See e.g., Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 138–39 (2d Cir. 2000); *Algie v. RCA Global Communication, Inc.*, 891 F. Supp. 875, 898-99 (S.D.N.Y. 1994), *aff'd*, 60 F.3d 956, 960 (2d Cir. 1995). Where a plaintiff has suffered a long delay in receipt of benefits, an award of pre-judgment interest appropriately ensures that the plaintiff is made whole and that defendants do not profit by their failure to comply with their ERISA obligations. *Algie*, 891 F. Supp. at 899 (citing *Quesinberry v. Life Ins. Co. of N. America*, 987 F.2d 1017, 1030–31 (4th Cir. 1993); *Cefali v. Buffalo Brass Co.*, 748 F. Supp. 1011, 1024 (W.D.N.Y. 1990)). Although there is no explicit statutory provision governing the rate of pre-judgment interest, the post-judgment interest provision of 28 U.S.C. § 1961 provides a close approximation of the likely return on an ERISA plaintiff's unpaid benefits. *Id.* Accordingly, the

6

Court awards plaintiff pre-judgment interest on his benefit award, calculated according to 28 U.S.C. § 1961, running from December 17, 2003 to the date of the award. However, the Court denies plaintiff's request for attorney fees pursuant to 29 U.S.C. § 1132(g)(1), at least because plaintiff has failed to show any bad faith by Liberty's administrator in making its LTD benefits determination. *Algie*, 891 F. Supp. at 890 (citing *Mendez v. Teachers Ins. & Annuity Ass'n*, 982 F.2d 783, 788 (2d Cir. 1992)).

Finally, although this Court affirms Judge Lindsay's recommendation that plaintiff be granted "own occupation" LTD benefits under the plan, it would be premature to grant plaintiff the "any occupation" benefits he belatedly requests in his opposition filing. The matter will be remanded to Liberty to determine plaintiff's eligibility for "any occupation" benefits, since Liberty has not yet made a determination whether substantial evidence supports a denial of benefits under the "any occupation" provision of plaintiff's LTD plan. *See, e.g., Mead v. ReliaStar Life Ins. Co.*, 755 F. Supp. 2d 515, 542 (D. Vt. 2010) (citing *Pepe v. Newspaper & Mail Deliverers'-Publishers' Pension Fund,* 559 F.3d 140, 149 (2d Cir. 2009)).

**CONCLUSION**

For the reasons set forth above and in the R&R, the Court adopts the conclusions of the R&R. Summary judgment is GRANTED in favor of plaintiff's first claim for relief. Plaintiff's second and third claims for relief are DISMISSED as preempted by ERISA, and plaintiff's fourth claim is DISMISSED as moot. Defendant's motion for summary judgment as to named defendants Liberty Mutual Insurance Company and Liberty Mutual Holding Company, Inc. is GRANTED, but as to defendant Liberty Life Assurance Company of Boston is DENIED. Liberty is ordered to calculate and award LTD benefits for the LTD plan's 24-month "own occupation" period without delay, with appropriate pre-judgment interest but subtracting the applicable Social Security Disability offset. This matter is otherwise remanded to Liberty to determine whether Donachie is entitled to "any occupation" disability benefits under the LTD plan.

Having remanded this matter to the administrator for all outstanding purposes, the Clerk of Court is directed to close the case. *See, e.g.*, *Mead*, 755 F. Supp. 2d at 542.

SO ORDERED.

Dated: Brooklyn, New York
June 25, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge